# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LORRIE M. FREDRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-512-CG |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on Plaintiff's counsel Kyle J. Saunders' motion for an award of attorney's fees in the amount of $8,100.00 under 42 U.S.C. § 406(b). Saunders' Mot. (Doc. No. 30) at 1-3.[1] Defendant does not oppose the requested amount, provided that Mr. Saunders refunds Plaintiff the $4,845.00 that this Court previously awarded under 28 U.S.C. § 2412. Def.'s Resp. (Doc. No. 33) at 1; *see* Order of Apr. 25, 2016 (Doc. No. 27) at 1-2; *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

On March 22, 2016, the Court entered Judgment reversing the Acting Commissioner's final decision denying Plaintiff's application for disability insurance benefits ("DIB") and remanding this case for further administrative proceedings under the fourth sentence of 42 U.S.C. § 405(g). On February 10, 2017, an Administrative Law

---

[1] The Court previously authorized Mr. Saunders to file a § 406(b) motion within a reasonable time after receiving the Acting Commissioner's notice calculating Plaintiff's award of past-due benefits. Order of Mar. 27, 2017 (Doc. No. 29) at 1-2; *see McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).

Judge ("ALJ") issued a "fully favorable" decision finding Plaintiff disabled beginning on June 24, 2011. *See* Saunders' Mot. Ex. 1 (Doc. No. 30-1) at 1, 8-13. The Acting Commissioner awarded Plaintiff $56,734.00 in past-due benefits, and has withheld 25 percent of that amount to pay attorney's fees under 42 U.S.C. § 406. *See* Saunders' Mot. Ex. 2 (Doc. No. 30-2) at 2-3.

Subsection 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "[T]he attorney for the successful claimant must show that the fee sought is reasonable for the services rendered" in the particular case. *Id.*

Plaintiff and Mr. Saunders agreed that Mr. Saunders may collect attorney's fees "for representation before the court" in an amount equal to 25 percent "of the past-due benefits resulting from" Plaintiff's claim. *See* Saunders' Br. in Supp. Ex. 1 (Doc. No. 31-1) at 1. Mr. Saunders has submitted a statement showing that he spent 25.50 hours litigating Plaintiff's case in federal court, which results in an effective hourly rate of $317.64. Saunders' Br. in Supp. Ex. 3 (Doc. No. 31-3) at 1-2; *see Gisbrecht*, 535 U.S. at 793, 808

(rejecting the "lodestar" method of calculating fee awards under § 406(b), but noting that the district court may consider this information in contingency-fee cases to help them assess "the reasonableness of the fee yielded by the fee agreement"). This straight-forward case was resolved fairly quickly on Defendant's unopposed motion for sentence-four remand. Def.'s Mot. Remand (Doc. No. 21) at 1-3; Order of Mar. 22, 2016 (Doc. No. 22) at 1. Still, Mr. Saunders had to spend time reviewing the administrative record, and his opening brief presented a well-supported argument that the ALJ erred in denying Plaintiff's DIB claim. *See generally* Pl.'s Br. (Doc. No. 15) at 1-12. Mr. Saunders also correctly notes that his requested fee award is only fourteen percent of the $56,734.00 that Plaintiff was awarded in past-due benefits—considerably less than the agreed-upon contingency fee. Saunders' Br. in Supp. at 9. Having carefully reviewed Mr. Saunders' motion and supporting documentation, the Court finds that $8,100.00 is a reasonable fee award for the amount of work performed in this case. *Cf. Cornell v. Berryhill*, No. CIV-14-916-C, 2017 WL 1051136, at *1 (W.D. Okla. Mar. 20, 2017) (awarding $9,820.50 in attorney's fees for 29.65 hours of work in federal court).

Accordingly, Mr. Saunders' motion (Doc. No. 30) is GRANTED, and he is awarded attorney's fees in the amount of $8,100.00. 42 U.S.C. § 406(b). The Acting Commissioner shall pay this amount directly to Plaintiff's attorney, Kyle J. Saunders, of The Saunders Law Group, P.C., P.O. Box 1605, Ada, Oklahoma 74820. Mr. Saunders shall promptly refund to Plaintiff the $4,845.00 in attorney's fees that the Court previously awarded under 28 U.S.C. § 2412. Order of Apr. 25, 2016 at 2; *Weakley*, 803 F.2d at 580.

IT IS SO ORDERED this 9th day of June, 2017.

_Charles B. Goodwin_
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE